LOWELL RAHE, BY EMMA RAHE, HIS MOTHER AND NEXT FRIEND, APPELLANT, v. ROGER LEWIEN, APPELLEE.

86 N. W. 2d 610

Filed December 13, 1957. No. 34282.

*Ernest A. Hubka,* for appellant.

*John E. Dougherty,* for appellee.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

SIMMONS, C. J.

This is an action for damages resulting from an automobile accident. Plaintiff was a guest in a car driven by the defendant. At the close of plaintiff's case-in-chief the trial court, on motion of the defendant, dismissed plaintiff's action.

Plaintiff appeals.

We reverse the judgment of the trial court and remand the cause for further proceedings.

The sole question here is whether or not there was evidence of gross negligence so as to take the case to the jury.

There is evidence from which a jury could have found the following facts to be true:

The accident happened on a north and south county road south of DeWitt, Nebraska. The road was improved with crushed rock on the traveled portion. It was "a little rough." Coming from the south and going north, as did the parties, there were no traffic warning signs save a conventional railroad crossing sign. The road was in a depression or valley and then came to a rise in the road toward a hill on which a railroad right-of-way existed. A double track, consisting of a main track and sidetrack, crossed the road in a southwest-to-northeast direction. The roadbed rose abruptly in elevation some 4 or 5 feet as it approached the railroad track. At this point the road made a turn to the west of 6 or 8 feet in crossing the tracks, then turned back to the east, and then went north again. Planks were placed between the rails on the traveled portion of the crossing. They did not extend to the east so as to cover the full area of the roadbed had it continued in a straight line. Beyond the tracks the road dropped again and proceeded north about 100 feet to a bridge across a stream. On approaching the railroad crossing from the

south the road surface of the crossing where the rails are cannot be seen, nor can what is immediately beyond to the north be seen.

The accident happened on a midafternoon. The sky was clear and the road was dry. Plaintiff and defendant drove south from DeWitt 2 miles, then turned west a mile, then started back north on the 2-mile return trip to DeWitt. On this south-to-north trip defendant accelerated the speed of his car to 65 to 70 miles per hour. About half a mile from the railroad crossing defendant's car swerved in the rocks and plaintiff urged the defendant to slow down, "* * * you might upset." Defendant proceeded and when less than a quarter of a mile from the railroad crossing he was again warned to slow down, "* * * you're going to miss the jog on the track." He was then going 65 to 70 miles per hour. He slowed down little, if any.

Traveling at a speed of 65 miles per hour, defendant drove his car upon, what was to him, the blind crossing. The right wheels of his car missed the planks and hit the rails, causing a blowout of the tires. The car then went across the rails, down the road in an irregular course, hit the right bannister of the bridge, went over the side of the bridge, and fell into the stream bed. Plaintiff was seriously injured.

The recent case of Werner v. Grabenstein, *ante* p. 231, 85 N. W. 2d 297, was factually quite similar to the instant case. We there reviewed our decisions and restated the rules applicable to guest passenger cases. We see no reason to repeat what was held there.

Applying the rules there stated, we conclude that plaintiff's evidence presented a factual situation which, if believed by the jury, would sustain a finding of gross negligence of the defendant.

Accordingly the judgment of the trial court is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.